UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 2:15-CR-90 |
| | ) | |
| RICHARD ALAN DAVIS | ) | |

MEMORANDUM OPINION AND ORDER

The defendant has filed several objections to the Presentence Investigation Report ("PSR"). This Court orally ruled upon all but two of the objections at the September 26, 2016 sentencing hearing. This Court reserved ruling on the remaining two objections and continued the sentencing hearing until November 9, 2016. Those objections are as follows: (1) The defendant objects to the enhancement in paragraph 29 of the PSR for possessing a firearm pursuant to section 2D.1.1(b)(1); and (2) the defendant objects to the enhancement in paragraph 31 of the PSR that the defendant made a credible threat of violence or directed the use of violence pursuant to section 2B1.1(b)(2). The Court will discuss each objection in turn.

First, section 2D1.1(b)(1) provides that "[i]f a dangerous weapon (including a firearm) was possessed, increase by 2 levels." Application Note 11 to section 2D1.1 states that "[t]he enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." To make this determination, the Court uses a burden-shifting framework. "The government bears the burden of showing by a preponderance of the evidence that the defendant either 'actually or constructively possessed the weapon.'" *United States v. Darwich*, 337 F.3d 645, 665 (6th Cir. 2003) (quoting *United States v. Hough*, 276 F.3d

884, 894 (6th Cir. 2002)). Upon such proof, "a presumption arises that 'the weapon was connected to the offense,'" and "[t]he burden then shifts to the defendant to 'show that it was clearly improbable that the weapon was connected with the crime.'" *Id*. (quoting Hough, 276 F.3d at 894).

Here, the defendant stated at the sentencing hearing that possession is the issue. The defendant concedes that if he possessed the firearm, then it was connected to the offense. Section 2D1.1 contains no explanation of when the firearm must have been "possessed" or by whom. There has been confusion over when or where the defendant must have "possessed the weapon." This confusion is the product of a 1991 amendment to the Sentencing Guidelines, which removed a prior requirement that the weapon was "possessed during the commission of the offense." *United States v. Faison*, 339 F.3d 518, 520 (6th Cir. 2003). After that amendment, the Sixth Circuit has interpreted section 2D1.1(b) to require that a firearm "was possessed" during anything that constitutes "relevant conduct" under section 1B1.3. *Id.*; *see also United States v. Clisby*, 636 Fed. App'x 243, 246–47 (6th Cir. 2016). Under the 2013 version of the Sentencing Guidelines . . . relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant," as well as "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity," either of which must have "occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." *Id*. § 1B1.3(a) (2013). Once it is established that a firearm was possessed during relevant conduct, the presumption arises, subject to the defendant's ability to show that a connection to a drug offense was clearly improbable. *See Clisby*, 636 Fed. App'x at 247.

2

The enhancement will apply whether the defendant actually or constructively possessed the weapon. The issue here is constructive possession. Constructive possession "exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *United States v. Kincaide*, 145 F.3d 771, 782 (6th Cir.1998). Constructive possession may be proven by circumstantial evidence. And, although presence where a firearm is found is insufficient, without more, to establish the requisite knowledge, power or intention to exercise control over the firearm, *United States v. Birmley*, 529 F.2d 103, 107–08 (6th Cir.1976), dominion over the premises where the firearm is located is sufficient to establish constructive possession. *Kincaide*, 145 F.3d at 782. Where a defendant is in non-exclusive possession of premises where a firearm is located, it cannot be inferred that he knew the firearm was present and had control of it unless there are other incriminating statements or circumstances to buttress such an inference. *See United States v. Bailey*, 553 F.3d 940, 945 n. 3 (6th Cir. 2009).

The defendant argues that his mere presence in proximity to the firearm is not enough to establish the requisite knowledge, power or intention to exercise control over the firearm. But this is not a "mere proximity" case. There is more here. *See United States v. Shull*, 349 Fed. App'x 18 (6th Cir. 2009) (citing *United States v. Richardson*, 161 F.3d 728, 732 (D.C. Cir. 1998) (holding that mere proximity to contraband is not enough to constitute constructive possession, but "proximity coupled with 'evidence of some other factor . . .'" is enough) (quoting *United States v. Morris*, 977 F.2d 617, 620 (D.C. Cir. 1992)). The factor which distinguishes this case from the "mere proximity" cases is that the defendant knew the firearm was in the hotel room. As the Sixth Circuit said in *United States v. Morrison*, 594 F.3d 543 (6th Cir. 2010):

3

> The critical difference between this case and, say, *United States v. Bailey*, 553 F.3d 940 (6th Cir.2009), is that here the government presented evidence that Morrison knew the gun was within his immediate control. Indeed what the mere-proximity cases seem concerned about, above all, is the conviction of a defendant who did not even know the gun was there. In *Bailey*, for example, the court recounted a long hypothetical about the teenage driver who, through no fault of his own, is completely unaware that a gun lies beneath his seat; and the court said the record before it made *Bailey* no different from that hypothetical. *Id.* at 948–49.

*Id.* at 545.

As background, the circumstantial evidence presented at the sentencing hearing establishes by a preponderance of the evidence that the defendant knew his co-conspirators possessed weapons while involved in drug trafficking. There was evidence that other co-conspirators saw the defendant with firearms. Several co-conspirators were in possession of firearms when they were arrested for this drug conspiracy. Specific to the revolver found in the black bag of the defendant's hotel room, Agent Commons testified that during the defendant's debriefing with law enforcement the defendant stated that Mr. Ferguson, who was present in the hotel room with the defendant during the search and incident arrests and who was in closer proximity to the revolver in the black bag, told the defendant that he traded methamphetamine for the revolver that was in the hotel room. The defendant indicated he clearly knew about this gun. Thus, this is more than a mere proximity case, and the firearm enhancement was properly applied.

Second, the defendant objects to the enhancement in paragraph 31 of the PSR that the defendant made a credible threat of violence or directed the use of violence pursuant to section 2D1.1(b)(2). This section states, "If the defendant used violence, made a credible threat to use violence, or directed the use of violence, increase by 2 levels." U.S.S.G. § 2D1.1(b)(2). The testimony shows that the defendant was co-conspirator Bell's source of supply. She stated that

4

after her arrest an un-indicted coconspirator sold her AR-15 rifle to the defendant. Bell stated that she later spoke to the defendant and he told her not to give him a reason to use her own gun on her. This is sufficient to establish this enhancement by a preponderance of the evidence.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

5

Case 2:15-cr-00090-JRG-MCLC   Document 103   Filed 11/04/16   Page 5 of 5   PageID #: 1165